**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                                :
RAFAEL PERALTA,                 :
                                :   Civil Action No. 08-6157 (FSH)
             Plaintiff,         :
                                :
        v.                      :      O P I N I O N
                                :
PASSAIC COUNTY SHERIFF'S         :
DEPARTMENT, et al.,             :
                                :
             Defendants.        :
_____ :
```

**APPEARANCES:**

Rafael Peralta, Pro Se
#225587
Passaic County Jail
11 Sheriff's Plaza
Paterson, NJ 07501

**HOCHBERG, District Judge**

    Plaintiff, Rafael Peralta, currently incarcerated at the Passaic County Jail, Paterson, New Jersey, seeks to bring this action alleging violations of his rights, pursuant to 42 U.S.C. § 1983.  He has submitted an application to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915(e).

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the

following reasons, the complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff states that on June 19, 2008, he was an inmate at the Curran Furhold Correctional Facility, a Philadelphia County prison.  On that day, he was told to pack, and forty-five minutes later, he was transported to New Jersey.  Plaintiff states that this transfer violated his constitutional rights because he did not receive an extradition hearing.  Plaintiff claims that he never committed a crime in New Jersey.

Plaintiff names as defendants the Passaic County Sheriff's Department and the Office of the Commissioner of the Philadelphia Prison System.  Plaintiff seeks to be extradited back to Philadelphia County and asks for monetary and other relief.

## DISCUSSION

**A.   Standard for Sua Sponte Dismissal**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the

2

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. <u>See</u> <u>id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, ----, 127 S.

Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

**B.   <u>Section 1983 Actions</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1)

4

a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), <u>overruled in part on other grounds by Daniels v. Williams</u>, 474 U.S. 327 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   <u>Plaintiff's Complaint Must Be Dismissed.</u>

Plaintiff alleges in his complaint that his civil rights were violated as a result of his extradition to New Jersey without an extradition hearing.  The courts of this circuit have recognized that the failure to comply with the extradition procedures required by federal statute and/or the extradition laws of the asylum state may state a claim under 42 U.S.C. § 1983.  See <u>Shack v. Attorney Gen.</u>, 776 F.2d 1170, 1173 (3d Cir. 1985), <u>cert.</u> <u>denied</u>, 475 U.S. 1030 (1986); <u>Crenshaw v. Checchia</u>, 668 F. Supp. 443, 444 (E.D. Pa. 1987); <u>United States v. Pa. State Police</u>, 548 F. Supp. 9, 16 (E.D. Pa. 1982).  The Third Circuit has held that "[o]ne to whom a pre-transfer [extradition] hearing is denied ... has a federally enforceable claim to damages and to injunctive relief."  <u>Shack</u>, 776 F.2d at 1173.  Plaintiff, however, "may recover only from those persons who deprived him of his right to procedural due process."  <u>Crenshaw</u>, 668 F. Supp. at

444-45 (citing McBride v. Soos, 679 F.2d 1223, 1227-28 (7th Cir. 1982)).

Despite the recognition of a protected due process right to extradition procedures capable of remedy under § 1983, Plaintiff's complaint must be dismissed.  The complaint names as defendants the Passaic County Sheriff's Department and the Commissioner of the Philadelphia Prison System.  Addressing each defendant in turn, the Court will explain why the § 1983 claims asserted against them fail to state a claim upon which relief could be granted.

The law is well-settled that a section 1983 claim may be brought only against a "person."  See, e.g., Will v. Mich. Dept. Of State Police, 491 U.S. 58 (1989); Monell v. New York City Dep't of Soc. Svcs., 436 U.S. 658 (1978).  While a municipal or local government entity such as the Passaic County Sheriff's Department is considered a "person" within the meaning of 42 U.S.C. § 1983, liability against such a defendant must be premised on a deprivation of rights as a result of a custom or policy of the entity.  See Monell, 436 U.S. at 690, 694; Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991), cert. denied, 503 U.S. 985 (1992).  Plaintiff's claim against the Passaic County Sheriff's Department fails on its face for lack of any allegation that could give rise to a cause of action under

6

<u>Monell</u>.[1]  Accordingly, Plaintiff's § 1983 claim against the Passaic County Sheriff's Department will be dismissed without prejudice.

Plaintiff's claim against the Commissioner of the Philadelphia Prison System must be dismissed because the complaint fails to allege what the Commissioner's personal involvement was with the alleged failure to abide by extradition procedures.  <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has held:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Id.</u> (citations omitted); <u>accord</u> <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Because the deficiencies of the complaint may be remedied by amendment, the Court will dismiss the complaint without prejudice and order the case closed.  Plaintiff may move to reopen the case

---

[1]     Moreover, it is not clear that Plaintiff would have a remedy as against New Jersey's officers for the alleged violation of extradition procedures.  At least one district court in this Circuit has held, based on its review of the decisions of Circuit Courts of Appeals that have addressed the issue, that "the officials of the demanding state have no obligation to ensure that pre-extradition proceedings are proper."  <u>Crenshaw</u>, 668 F. Supp. at 445 (citing <u>McBride v. Soos</u>, 679 F.2d 1223, 1225 (7th Cir. 1982) and <u>Brown v. Nutsch</u>, 619 F.2d 758, 765 (8th Cir. 1980)).

and file an amended complaint.  See Denton v. Hernandez, 504 U.S. 25, 34, (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).  Plaintiff will be afforded a period of 30 days to file the motion to reopen and amended complaint, which will also be subject to screening, in accordance with 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Based on the foregoing, Plaintiff's claims will be dismissed, without prejudice.  An appropriate Order accompanies this Opinion.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated:   June 11, 2009

8