**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST. ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

<u>**Not for Publication**</u>

**LETTER OPINION & ORDER**

March 11, 2011

<u>**VIA CM/ECF**</u>
All counsel of record

      Re:    <u>Beverly Clark, et al. v. Prudential Insurance Company of America</u>
             <u>Civil Action No. 08-6197 (DRD)(MAS)</u>

Dear Counsel:

      This matter comes before the Court by way of a discovery dispute set forth by the parties in their January 12, 2011 and March 8, 2011 joint letter submissions. (Docket Entry Number ("Doc. No.") 130 and 149 respectively). The claims underlying this action arise out of allegations set forth by Plaintiffs Beverly Clark, Jesse J. Paul, Warren Gold, Linda M. Cusanelli, Carole L. Walcher and Terri L. Drogell, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), that Defendant Prudential Insurance Company of America ("Prudential" or "Defendant") acted unlawfully and deceptively with regard to an individual health policy, known as the Coordinated Health Insurance Program ("CHIP"), from 1973 through 1981. (Doc. No. 140 ("Fifth Am. Compl.") ¶ 1.)

      Having carefully reviewed and considered the various letter submissions and the arguments set forth therein, the Court notes that the general nature of the dispute pertains to whether additional 30(b)(6) depositions regarding class certification issues outlined in Plaintiffs'

November 24, 2010 Deposition Notice (*see* Doc. No. 130-9) are necessary or warranted.  Based on the applicable legal standards, case law and each party's legal positions, the Court finds good cause to grant Plaintiffs' request to conduct 30(b)(6) depositions on the topics noticed on November 24, 2010, except that issues related to the Jacksonville warehouse files shall be prohibited.

I.      **STANDARD OF LAW**

Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), if a party seeks to re-depose a deponent that was already deposed and the other party does not consent, the party seeking the deposition must first obtain leave from the Court.  Notably, the Court must grant such leave "to the extent consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 30(2).  Generally, the Court may compel discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action, provided that the court finds good cause.  Fed. R. Civ. P. 26(b).  The party seeking discovery bears the burden of "showing that the information sought is relevant to the subject matter of the action and may lead to the production of admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 1990).  Also, under Federal Rule of Civil Procedure 26(b)(2), the Court has broad discretion to alter, limit or expand the scope of permitted discovery.  Specifically, Federal Rule of Civil Procedure 26(b)(2)(C) allows a court to limit discovery if the burden or expense of the proposed discovery is likely to outweigh its benefit to the requesting party, if the Court finds:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

      (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

As the parties are well-versed in the underlying facts of this matter, the Court need not address the specific facts relevant to the discovery dispute currently pending before this Court, as they are included at length and in significant detail in the parties' letter submissions. Here, Plaintiffs argue that they should be permitted to take 30(b)(6) depositions prior to the depositions of any fact witnesses and that Plaintiffs are entitled to take depositions in the order they deem most beneficial. To the extent that the past employees of Defendant have the most knowledge on the noticed 30(b)(6) deposition topics, Plaintiffs assert that there is no reason why Defendant cannot designate former employees for 30(b)(6) deposition purposes. As many of the fact witnesses are likely to have knowledge regarding the noticed 30(b)(6) topics, Plaintiffs argue that the 30(b)(6) depositions may shorten the length of or entirely eliminate some of the fact witness depositions. Finally, the one 30(b)(6) deposition that has been taken was limited to topics related to the Jacksonville warehouse and how the files within were categorized or organized. Thus, Plaintiffs argue, the remaining topics have not been addressed and 30(b)(6) depositions on those topics should be permitted.

Defendant, on the other hand, asserts that the 30(b)(6) depositions should not be permitted because the underlying events that led to this matter occurred over thirty years ago and concern a discontinued business department in Prudential. As such, Defendant avers that permitting additional 30(b)(6) depositions would be unduly burdensome. Defendant argues that because Plaintiffs already took a 30(b)(6) deposition, Plaintiffs have failed to demonstrate good cause to permit additional 30(b)(6) depositions. Further, Plaintiffs already intend to depose several former employees and, as such, it would be inefficient and burdensome to require

3

Defendant to obtain the necessary information and facts from the same former employees for purposes of preparing for 30(b)(6) depositions, when those former employees are going to be deposed as fact witnesses.  If any 30(b)(6) depositions are going to be permitted, Defendant asserts that the depositions should only be conducted after Plaintiffs depose the top-ten fact witnesses.

Here, the Court finds good cause to grant Plaintiffs' request to conduct additional 30(b)(6) depositions on the remaining topics noticed on November 24, 2010.  The first 30(b)(6) deposition that Plaintiffs conducted was limited in scope to procedural and administrative aspects related to how the files in the Jacksonville warehouse were categorized and/or organized.  Plaintiffs have demonstrated good cause to permit additional 30(b)(6) depositions on the substantive class certification-related issues that were previously noticed.  Further, much like Plaintiffs cannot dictate Defendant's strategy for deciding the order of its depositions, Defendant cannot be permitted to dictate Plaintiffs' strategy in conducting the 30(b)(6) depositions prior to any fact witnesses.  While perhaps requiring fact witness depositions to be conducted first may eliminate the need for any additional 30(b)(6) depositions, such arguments are mere speculation and the same can be true if the facts are reversed.  Indeed, as asserted by Plaintiffs, the need for some of the fact witness depositions may be eliminated as a result of the 30(b)(6) depositions.  Thus, when weighing the interests involved, the liberal scope of discovery generally permitted and the burden that may result, the Court finds good cause to grant Plaintiffs' request to conduct additional 30(b)(6) depositions.  However, any such depositions shall not include procedural or administrative questions regarding the organization and filing system used at the Jacksonville warehouse.

**II.     ORDER**

The Court has carefully reviewed and considered the parties' joint letter submissions, legal arguments and legal positions. Based on the aforementioned, and for other good cause shown,

**IT IS** on this **11th** day of **March, 2011**, **ORDERED** that:

1. Plaintiffs' request to conduct 30(b)(6) depositions on the topics set forth in their November 24 Deposition Notice is granted.

2. Defendant shall disclose the designated corporate witness for each of Plaintiffs' noticed 30(b)(6) deposition topics,[1] except those pertaining to the Jacksonville warehouse and related policyholder files, as denied in Paragraph B(3) of this Court's March 1, 2011 Letter Opinion and Order, by **March 18, 2011**.

3. For any designated 30(b)(6) witness who will also be deposed as a fact witness, including, but not limited to, Sue Patel, Frank Rubino and Richard Welch, the facts portion and 30(b)(6) portion of the depositions shall be conducted simultaneously. To the extent new information is discovered during the 30(b)(6) portion of the deposition that Plaintiffs' feel require additional discovery, if deemed necessary or appropriate, Plaintiffs may seek leave from this Court to re-depose such witnesses after all remaining depositions have been conducted and completed. However, should this Court grant such relief, the scope of the deposition will be narrow and limited to the supplemental discovery obtained during the initial deposition.

---

[1] The parties shall meet and confer to address and resolve any remaining substantive objections that Defendant has made to the noticed 30(b)(6) deposition topics.

4. As fact discovery closes June 30, 2011, and in order to provide sufficient time for completion of any fact witness depositions and supplemental discovery, the 30(b)(6) depositions shall be conducted and completed by **April 18, 2011**.

      s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**