UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEVERLY CLARK, JESSE J. PAUL, WARREN GOLD, and LINDA M. CUSANELLI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation,<br><br>Defendant. | Honorable Dickinson R. Debevoise<br><br>Civil Action No.: 2:08-CV-06197-DRD-MAS<br><br>**THIRD AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** first having come before the Court for a telephone status conference on November 12, 2009; the Court having issued a Pretrial Scheduling Order on November 23, 2009; the Court having held another telephone status conference on January 28, 2010 and having subsequently resolved certain discovery issues in an Order dated March 3, 2010; the Court having issued an Amended Pretrial Scheduling Order on March 24, 2010; the Court having held another telephone status conference on June 3, 2010 and having resolved certain discovery disputes therein; the Court having held another telephone status conference on December 16, 2010 and having resolved certain disputes regarding pretrial scheduling therein; the Court having held further status conferences on January 19, 2011 and March 15, 2011, and having issued a Letter Opinion and Order dated March 1, 2011, resolving certain discovery disputes; and for good cause shown:

IT IS on this 15th day of March, 2011

**ORDERED THAT:**

1.  Class and merits discovery shall be bifurcated. Merits discovery shall proceed only after certification of class.

### I. DISCLOSURES

2.  The parties have indicated to the Court that Fed. R. Civ. P. 26 disclosures have been exchanged.

## II. DISCOVERY

3. Class-related fact discovery is to remain open through **6/30/11**. No class-related discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

4. The parties may serve interrogatories, which shall be limited to **twenty-five (25)** single questions, and requests for production of documents regarding class-related discovery on or before **[n/a]**, to be responded to by **12/11/09**. In addition, Defendant shall produce documents that are responsive to Plaintiffs' Document Requests that were (or would have been) withheld or redacted in accordance with Defendant's General Objection No. 5, which shall include class member names, contact information and patient health information, by **3/24/10**. After a discovery confidentiality order has been entered, but no later than **4/19/10**, Defendant shall grant Plaintiffs access to all files that may contain information pertaining to CHIP policyholders who terminated their policies prior to 2000. Plaintiffs' search, copying of documents and/or use of the files and information shall be limited to documents that are responsive to Plaintiffs' Document Requests that were (or would have been) withheld or redacted in accordance with Defendant's General Objection No. 6.

5. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) regarding class related issues are to be completed by **6/30/11**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

6. **Pursuant to L. Civ. R. 16.1(f)(1), counsel must confer to resolve any case management dispute. Any discovery dispute shall be brought to the Court's attention in the first instance by way of an <u>e-filed joint letter</u> immediately after the parties' good faith attempt to resolve the dispute has failed. The e-filed joint letter must set forth the nature of the dispute and provide each party's position regarding the dispute. <u>Discovery disputes shall be brought to the court's attention no later than thirty days prior to the close of discovery.</u>**

7. Counsel may freely file motions to seal and *pro hac vice* motions. Counsel should clearly indicate in the motion papers whether the motion has been consented to. **No other motion, discovery or dispositive, shall be made without prior leave of Court.** Any motion filed without prior leave of Court will be terminated.

## III. DISCOVERY CONFIDENTIALITY ORDERS

8. The parties shall submit a stipulated confidentiality order to the Court by **3/17/10** that strictly complies with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995). The form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which

warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. The order must be clearly designated **"Discovery Confidentiality Order."** See Local Civil Rule 5.3. The order shall, at a minimum, limit the use of class member names and contact information to purposes that comply with applicable ethical rules regarding client solicitation and protects the privacy interests of class members. See, e.g., N.J.R.P.C. 7.1, 7.3; HIPAA, 45 C.F.R. § 164. The order shall further include provisions whereby Plaintiffs agree to keep all information pertaining to non-CHIP policyholders confidential and agree to refrain from making copies, taking notes and/or using the information in any way, as such files are not relevant to this action.

## IV. FUTURE CONFERENCES

9. The Court will conduct a telephone status conference on 6/30/11 at 11:00am. Counsel for Plaintiffs is to initiate the call to (973) 645-3827. By 6/23/11 (one week prior), counsel must e-file a joint letter. The letter should provide the current case status. In addition, the letter should list any discovery related dispute(s) and provide each party's position regarding the discovery related dispute(s).

10. A telephonic status conference shall be conducted before the undersigned **within 20 days of disposition of Plaintiff's motion for class certification**, with counsel for Plaintiff Beverly Clark to initiate the call to (973) 645-3827. The parties shall submit to the Court a joint status letter summarizing the disposition of Plaintiff's motion for class certification within **5 days** of receipt and proposing discovery dates for merits-related discovery. During the status conference, the parties will discuss a schedule for completion of merits-related fact and expert discovery, the final pretrial conference and the submission of the Final Pretrial Order.

11. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

12. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend in person. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person who attends the conference.

13. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

14. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

15. At an appropriate time, the Court will set a deadline by which the parties must attend mediation or a settlement conference in this action.

## V. MOTIONS

16. Any motion to add new parties or amend the pleadings, whether by amended or third-party complaint, must be filed not later than **2/16/11**.

17. All calendar or dispositive motions, if permitted, shall comply with the Local Civil Rules.

18. Dispositive motions, if any, are to be filed **no later than thirty (30) days after the entry of the Final Pretrial Order**.

## VI. EXPERTS

19. All affirmative expert reports addressing class related issues (if any) shall be delivered by **8/22/11**. Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

20. All responding expert reports addressing class related issues (if any) shall be delivered by **10/7/11**. Any such report shall be in the form and content as described above.

21. (A) Depositions of experts regarding class related issues are to be taken and completed by **11/7/11**.

    (B) No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

22. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on a date **[TO BE SET AFTER CLASS CERTIFICATION MOTIONS ARE DECIDED]**.

23. A proposed joint Final Pretrial Order must be served upon the Court within **four (4) weeks prior to the final pretrial conference**.

24. **Three (3) weeks before the final pretrial conference,** counsel for each party shall serve upon all parties copies of all trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial.

25. All counsel are directed to assemble at the office of plaintiffs counsel no later than **thirty (30) days before the pretrial conference** to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiffs counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

26.     FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.

_____
HONORABLE MICHAEL A. SHIPP
United States Magistrate Judge