## NAGEL RICE, LLP
COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
BARRY M. PACKIN
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR

HARRY A. MARGOLIS
(1928-2002)

119 MAPLE AVENUE
RED BANK, NJ 07701
(732) 933-0900

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
www.nagelrice.com

PLEASE REPLY TO
ROSELAND OFFICE

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

OF COUNSEL
CARLETON R. KEMPH°

GREG M. KOHN°
JACOB W. RADDOCK°
ANDREW I. PEPPER

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF N.J. & N.Y. BARS
◊ ADMITTED IN N.Y. ONLY

June 23, 2011

*Via ECF and Express Mail*

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Beverly Clark, et al. v. Prudential Insurance Co. of America*,
      **Civil Action No. 08-6197 (DRD) (MAS)**

Dear Judge Shipp:

Pursuant to Paragraph 9 of the Court's Third Amended Pretrial Scheduling Order, dated March 15, 2011, the parties submit this joint letter in advance of the telephonic status conference scheduled for June 30, 2011 at 11:00 a.m. At this time, the parties are not submitting any discovery disputes to the Court for the Court's resolution, with the following provisos.

First, Plaintiffs were prepared to seek relief from the Court in relation to Prudential's response to Plaintiffs' Interrogatory No. 17, regarding "legacy" computer systems of Prudential (i.e., computer systems no longer in use by Prudential) containing CHIP policyholder information, Plaintiffs' request to inspect and sample the hardware that contained such systems, and Plaintiffs' notice of the deposition of Wayne Clarke, a Prudential employee, in his individual capacity. This morning (Pacific time), in the course of meet-and-confer correspondence aimed at resolving or narrowing the parties' disputes over these issues, Prudential provided Plaintiffs with certain information for the first time that indicated that the parties might be able to resolve the dispute without Court intervention. So as to avoid having to bring any dispute to the Court's attention unnecessarily, Prudential has agreed to attempt to respond in good faith to any reasonable questions and requests that Plaintiffs may pose to Prudential on this subject in short order and, if the parties are unable to reach a resolution, not to object to Plaintiffs' briefing the matter to the Court after June 23. The parties will now proceed expeditiously to attempt to resolve this matter and, if it appears that they cannot do so, will apprise the Court as soon as possible before or during the June 30 telephonic status conference.

Hon. Michael A. Shipp
*Clark, et al. v. Prudential Ins. Co. of Am.*
Civil Action No. 08-6197 (DRD) (MAS)
June 23, 2011
Page 2

    Second, Prudential raised with Plaintiffs certain concerns about Plaintiffs' responses to Prudential's First Set of Requests for Admission. The parties have agreed that their dispute would benefit from further telephonic meet-and-confer, which could not be completed due to certain scheduling conflicts (related to depositions in this case) of pertinent counsel, and are optimistic that the matter can be resolved without Court intervention. If the dispute cannot be resolved, the Parties will submit the matter to the Court by no later than Monday, June 27, and they appreciate the Court's indulgence in affording them extra time to attempt to resolve the dispute by themselves.

    Respectfully submitted,

/s/ Bruce H. Nagel

Bruce H. Nagel
for Plaintiffs Beverly
   Clark, Jesse J. Paul,
Warren Gold, Linda M.
Cusanelli, Carole L. Walcher
and Terri L. Drogell

Mark S. Raffman
for Defendant The Prudential
Insurance Company of America

cc: All Counsel for Prudential (via ECF and e-mail)