

**ATTORNEYS AT LAW**

**Douglas S. Eakeley**
Member of the Firm
Tel  973 597 2348
Fax  973 597 2349
deakeley@lowenstein.com

March 27, 2012

***VIA ECF and FEDERAL EXPRESS***

The Honorable Dickinson R. Debevoise, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:     <u>Clark v. Prudential Ins. Co. of America [Docket No. 08-cv-6197 (DRD-MAS)]</u>

Dear Judge Debevoise:

This firm, along with Goodwin Procter LLP, represents defendant The Prudential Insurance Company of America ("Prudential"). Pursuant to instructions from Chambers, we write to confirm that all parties are available for a conference call on Thursday, March 29th at 3:30 p.m. EDST to discuss Prudential's request for a two-week extension of the briefing deadlines and hearing on plaintiffs' motion for class certification. Counsel for Prudential will initiate the call.

By way of brief background, the parties initially agreed on a briefing schedule that provided for the filing of plaintiffs' class certification motion on February 22, 2012, Prudential's opposition on April 2, and plaintiffs reply on April 30. Magistrate Judge Shipp approved those deadlines. [Dkt. No. 186.] The parties also requested that Your Honor hear argument on June 1, and the hearing was accordingly scheduled for that date. Prudential respectfully requests a brief two-week extension of these deadlines, making its opposition due April 16, plaintiffs' reply due May 14, and setting the hearing for June 15 or another date convenient for the Court and counsel.

Prudential believes that good cause exists for this proposed extension. Plaintiffs' class certification motion (filed on February 22) involves complex legal issues and a voluminous record. The six named plaintiffs seek to represent a class of approximately 17,000 persons with claims against Prudential under the laws of four states. Plaintiffs' motion papers included: a 75-page opening brief; 42-page trial plan; proposed jury instructions amounting to 39 pages; new declarations by all six named plaintiffs, each accompanied by one or more exhibits; a declaration from their expert, Dr. Frech; and declarations from three of plaintiffs' attorneys, one of which is accompanied by over 50 exhibits.

Prudential and its counsel have worked diligently in constructing a response that will enable the Court to conduct the "rigorous analysis" necessary to make a class certification decision.

The Honorable Dickinson R. Debevoise, U.S.D.J.                         March 27, 2012
Page 2


*Behrend v. Comcast Corp.*, 655 F.3d 182, 190 (3d Cir. 2011).  However, preparing a response to the large volume of material filed by plaintiffs requires an enormous undertaking and a greater degree of time and effort than was initially anticipated.  Moreover, Prudential is a party that is actively involved in supervising its counsel in this massive undertaking, and our client has determined that it needs an additional two weeks to permit it to properly review and approve its opposition brief and supporting materials.  Indeed, in addition to reviewing the complex substantive legal arguments, there are approximately 180 supporting exhibits that need to be reviewed by Prudential so that it can make an informed decision as to whether the Company should waive confidentiality or move to seal some or all of the documents.

The necessity for this request became clear only after seeing the scope of plaintiffs' submission and recognizing the time that Prudential needs to fully and adequately review and approve its submission.  This is the first request for an extension of time regarding Prudential's response to plaintiffs' class certification motion.  Regrettably, counsel for plaintiffs would not agree to the requested extension, and thus the instant application.


Respectfully submitted,

Douglas S. Eakeley


cc:      Counsel of Record (via email)

