## NAGEL RICE, LLP
COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
BARRY M. PACKIN
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR

HARRY A. MARGOLIS
(1928-2002)

119 MAPLE AVENUE
RED BANK, NJ 07701
(732) 933-0900

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
www.nagelrice.com

**PLEASE REPLY TO**
**ROSELAND OFFICE**

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

OF COUNSEL
CARLETON R. KEMPH°

GREG M. KOHN°
JACOB W. RADDOCK°
ANDREW I. PEPPER

*CERTIFIED BY THE SUPREME COURT OF
  NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF N.J. & N.Y. BARS
◊ADMITTED IN N.Y. ONLY

March 28, 2012

*Via ECF and Express Mail*
The Honorable Dickinson R. Debevoise, U.S.D.J.
Martin Luther King, Jr. Federal Building &
United States Courthouse – Room 5083
50 Walnut Street
Newark, NJ 07102

Re:   ***Beverly Clark, et al. v. Prudential Insurance Co. of America,***
      **Civil Action No. 08-6197 (DRD) (MAS)**

Dear Judge Debevoise:

      We represent Plaintiffs in the above-referenced action. We write in response to Prudential's letter to Your Honor of March 27, 2012, in which it seeks a two-week extension of the deadline for its opposition to Plaintiffs' Motion to Class Certification *despite having nearly six weeks to prepare its opposition.* Plaintiffs submit this letter to ensure that the Court is fully informed of the reasons for their opposition to Prudential's request and to clear up misleading aspects of Prudential's letter.[1]

      There is no good cause for Prudential's requested extension, because Prudential's request is based solely on its lack of diligence and not on anything unforeseen. Initially, the main purported justification in its letter, which emphasizes the volume and supposed complexity of Plaintiffs' class certification motion, deviates from the principal justification that Prudential gave Plaintiffs at the beginning of the week: that Prudential wanted to have a particular (undisclosed) individual review Prudential's draft opposition papers, but this individual was currently unavailable, and it needed additional time for him or her to become available. It thus appears

---

[1] After Prudential contacted chambers ex parte to inquire as to whether Prudential should present its request by way of a letter or through a formal motion, Prudential told Plaintiffs that "the Judge want[ed] to address the issue via a phone conference." Prudential subsequently represented to Plaintiffs that it was intending to submit merely a "confirming letter" regarding the Court's scheduling of the telephonic conference. Yet Prudential's March 27 letter is essentially a letter brief, containing extensive argument on the purported justifications for its request, thus necessitating this response.

Hon. Dickinson R. Debevoise
*Clark, et al. v. Prudential Ins. Co. of Am.*
Civil Action No. 08-6197 (DRD) (MAS)
March 28, 2012
Page 2

that the reason for Prudential's last-minute request is its failure to coordinate the availability of pertinent personnel in advance, and not the inability to prepare an adequate opposition.

In any event, Prudential's present purported justification is that Plaintiffs' class certification motion "involves complex legal issues and a voluminous record" and that "preparing a response to the large volume of material filed by plaintiffs requires an enormous undertaking and a greater degree of time and effort than was initially anticipated." *But the volume and supposed complexity of Plaintiffs' class certification motion was contemplated by the parties when they forged their briefing schedule in January of this year.* More specifically, all of the significant attributes of Plaintiffs' moving papers that Prudential cites in its letter were contemplated by or otherwise known to it in advance:

- 17,000 class members and four states' laws. Prudential does not explain the significance of the number of class members, but, in any event, that number is largely based on analysis by *Prudential's expert*. Prudential also has known about the four states' laws at issue, and is familiar with the pertinent legal issues, through three years of repeated dispositive motion practice.

- 75-page opening brief. The length of the opening brief was extensively discussed and agreed upon by the parties prior to submission of the briefing schedule to Judge Shipp.

- Trial plan and jury instructions. Plaintiffs expressly told Prudential at the time the parties were crafting the briefing schedule that they would be submitting a trial plan. The reference to 42 pages is misleading, because, as Plaintiffs have advised the Court, the vast majority of the Trial Plan is an abbreviated version of the "Predominance" section and other sections of Plaintiffs' opening brief. And it is well-known that trial plans frequently include proposed jury instructions.

- Named plaintiffs' declarations. It beggars belief that Prudential did not contemplate that Plaintiffs would submit declarations from the six named plaintiffs. Moreover, the declarations are almost exclusively based on deposition testimony that Prudential has had for months.

- Plaintiffs' counsel's declarations. Plaintiffs' counsel's declarations present nothing surprising: three speak to the qualifications of the three law firms representing Plaintiffs as class counsel; one primarily serves as the vehicle for introduction of approximately 50 exhibits (a relatively modest number); and another speaks to *Prudential's* premium records on microfiche.

- 180 confidential exhibits supposedly meriting review. Prudential's supposed need to review exhibits that it has marked confidential — which need it never raised before

Hon. Dickinson R. Debevoise
*Clark, et al. v. Prudential Ins. Co. of Am.*
Civil Action No. 08-6197 (DRD) (MAS)
March 28, 2012
Page 3

submitting this letter — does not deserve serious consideration in light of the Court's May 13, 2011 Opinion rejecting Prudential's claims of confidentiality. Indeed, Prudential stipulated to withdraw its confidentiality designations on *every single one of Plaintiffs' exhibits that it had previously marked confidential*.[2]

We find incredible Prudential's claim that "[t]he necessity for this request became clear only after seeing the scope of plaintiffs' submission and recognizing the time that Prudential needs to fully and adequately review and approve its submission." Prudential had Plaintiffs' motion papers *for nearly five weeks* before it sought this extension.

In addition to the lack of good cause, a two-week extension would significantly prejudice Plaintiffs. As Prudential recently acknowledged (yet has omitted to tell the Court), when the parties were formulating the briefing schedule, Plaintiffs advised that the first two weeks of May would be extremely busy for Plaintiffs' counsel in light of a major commitment in another case (a class certification motion deadline of May 14, the very day Prudential is proposing for Plaintiffs' reply despite its awareness of this deadline), and thus Plaintiffs wanted to complete the briefing of their reply before then. Hence, the April 30 reply deadline was selected.

As Plaintiffs have explained to Prudential (yet it also has omitted to tell the Court), Plaintiffs have relied heavily on the parties' stipulation to and the Court's approval of that schedule. Plaintiffs largely cleared out their April calendars to focus on preparing the reply and moved numerous obligations in other cases into the first two weeks of May (which already were going to be busy), including depositions in another case. As a result, two key members of Plaintiffs' litigation team in this case will be completely engaged in depositions during the first week of May; another key member will be working with experts and engaged in other matters; and another key member will be in the midst of heavy discovery motion practice that has been scheduled (in reliance on the briefing schedule in this case) in an arbitration set for hearing this summer. These commitments will make it virtually impossible for Plaintiffs' counsel to adequately prepare reply papers if Prudential's request is granted.

Nor should the June 1 hearing date be moved. Plaintiffs originally sought a hearing date in the latter part of May, but Plaintiffs agreed to move the date to early June to accommodate Prudential's counsel's vacation plans. The parties then specially set that hearing date on June 1 (with Your Honor's approval) to accommodate their various schedules, and Plaintiffs made all of their travel arrangements for the hearing prior to Prudential's present request for an extension.

Accordingly, as they told Prudential, and even though it will be prejudicial to them, as a matter of courtesy Plaintiffs are agreeable to a two-day extension of the deadline for Prudential's

---

[2] To the extent this is in fact a real concern of Prudential (which we doubt), Plaintiffs would be agreeable to a conditional submission of all of these exhibits under seal pending Prudential's determination two weeks hence as to which exhibits it contends should be sealed.

Hon. Dickinson R. Debevoise
*Clark, et al. v. Prudential Ins. Co. of Am.*
Civil Action No. 08-6197 (DRD) (MAS)
March 28, 2012
Page 4

opposition papers, to April 4, with a concomitant two-day extension of the deadline for Plaintiffs to file their reply papers, to May 2. Any further extension of Prudential's deadline and any continuance of the hearing on the motion are unwarranted and would unfairly prejudice Plaintiffs.[3]

                                      Respectfully submitted,

                                      /s/ Bruce H. Nagel

                                      Bruce H. Nagel
                                      for Plaintiffs Beverly
                                      Clark, Jesse J. Paul,
                                      Warren Gold, Linda M.
                                      Cusanelli, Carole L. Walcher
                                      and Terri L. Drogell

cc:    All Counsel (via ECF and e-mail)

---

[3] Although Plaintiffs strenuously object to Prudential's request and any continuance of the hearing date, if the Court decides to grant Prudential's request, Plaintiffs request that their reply not be due before Wednesday, May 30, 2012, because Plaintiffs' counsel have already committed the first two weeks of May to other matters, and that the hearing be specially set for two weeks later than the present June 1 hearing date, which would be Friday, June 15, or another date in mid-June on which the Court and Plaintiffs will be available and which will afford the Court adequate time to review Plaintiffs' moving and reply papers. Plaintiffs believe that any further delay of the hearing date would be unwarranted and unfairly prejudicial.