CHARLES N. FREIBERG
BRIAN P. BROSNAHAN
DAVID A. THOMAS
JACOB N. FOSTER
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

BRUCE H. NAGEL
ROBERT H. SOLOMON
NAGEL RICE LLP
103 Eisenhower Parkway
Roseland, NJ 07068-1031
Telephone: (973) 618-0400
Facsimile: (973) 618-9194

HARVEY R. LEVINE
CRAIG A. MILLER
LEVINE & MILLER, LLP
550 West C Street, Suite 1810
San Diego, CA 92101-8596
Telephone: (619) 231-9449
Facsimile: (619) 213-8638

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEVERLY CLARK, JESSE J. PAUL, WARREN GOLD, LINDA M. CUSANELLI, CAROLE L. WALCHER, and TERRI L. DROGELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey corporation,<br><br>Defendant. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Honorable Dickinson R. Debevoise<br>Civil Action No. 08-6197 (DRD-MAS)<br><br>**STIPULATION AND [PROPOSED] ORDER RE CORRECTION OF EXHIBIT 44 TO DECLARATION OF DAVID A. THOMAS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

WHEREAS, on February 22, 2012, Plaintiffs filed a Notice of Motion and Motion for Class Certification (Dkt. 188) (the "Motion");

WHEREAS, Plaintiffs filed in support of the Motion the Declaration of David A. Thomas in Support of Plaintiffs' Motion for Class Certification (Dkt. 188-12 through 188-24) (the "Thomas Declaration");

WHEREAS, one page in Exhibit 44 to the Thomas Declaration — Page 121 (PRU-BC-00036173) of Dkt. 188-15 (Page ID No. 5369) — inadvertently included the last name of a Prudential policyholder, which Plaintiffs had intended to redact;

WHEREAS, a properly redacted version of Page 121 (PRU-BC-00036173) of Dkt. 188-15 is attached to hereto as Exhibit A,

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that the Clerk of the Court shall seal from Page 121 (PRU-BC-00036173) of Dkt. 188-15 thus removing it from the public record and shall substitute in its place Exhibit A hereto.

Dated: March 30, 2012

| | |
|---|---|
| NAGEL RICE LLP<br>103 Eisenhower Parkway<br>Roseland, NJ 07068-1031<br>Telephone: (973) 618-0400<br>*Attorneys for Plaintiffs* | GOODWIN PROCTER LLP<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 346-4000<br>*Attorneys for Defendant* |
| By: /s/ Bruce H. Nagel<br>    Bruce H. Nagel | By: /s/ Mark S. Raffman<br>    Mark S. Raffman |

For the foregoing reasons, and good cause appearing,

IT IS SO ORDERED.

Dated: April 4, 2012 , 2012

_____
Hon. Dickinson R. Debevoise

1





Bryan C. Gillespie, FCAS, MAAA
Actuarial Director
Small Group and Individual Health Department

The Prudential Insurance Company of America
Prudential Plaza, Newark, NJ 07101
201 877-9238

December 3, 1987



Dear ▮▮▮▮▮▮

Your letter of October 15, 1987 has been forwarded to me for response. I will try to respond to several of the issues you raised in your letter.

We do not consider the health of an insured when determining our rates. The rate for your policy is based on your age, sex, zip code and deductible. The state of your health is a consideration only when issuing the policy; once issued, your premium is not affected by your health or directly affected by the number or amount of claims submitted under your policy. Your rating, Ms. ▮▮▮▮▮ is the same as for a 34 year old woman living in your area with no health problems. You are not paying extra for your Multiple Sclerosis condition.

CHIP rate increases are determined each year by reviewing experience under the plan for a recent 12 month period. We analyze the relationship between claim costs and premiums and this data takes into account the increased cost of medical care, the high cost of new medical procedures and equipment, and the increased utilization of medical care by CHIP policyholders. As you are probably aware, the cost of medical care over the last 10 years has greatly outpaced the general rate of inflation. The new rates which are determined from our data are filed with the various state insurance departments to be effective for policies as they reach their next policy anniversary the following year.

The rates do not become effective until approved by the state insurance departments. CHIP premium increases are approved by the states based upon substantiating evidence and documentation of prior experience. The rates approved by the states have no relationship to our real estate investments. Our ability to get a CHIP rate increase approved is based solely on our premium and claim experience under that policy.

Under the CHIP Plan, Prudential has lost millions of dollars. We realize the premium rates we charge may seem high to you. However, the benefits under the plan are extremely broad. In